**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

JASON A. REED,

Plaintiff,

vs.

P. LEFLORE, J. COLLINS,
T. THIBEAULT, and C. Hughes,

Defendants.

Case No. 1:15-cv-00165-LJM-DML

**Entry Discussing Defendants' Motion for Summary Judgment**

In this civil action, plaintiff Jason Reed, an Indiana prisoner alleges that the defendants denied him constitutionally adequate conditions of confinement by moving him to a top bunk bed when he had a bottom bunk/lower level pass because of his seizure disorder. Mr. Reed had a seizure on September 19 and 21, 2013, and was injured when he fell from his top bunk.

Presently pending before the Court is the defendants' Motion for Summary Judgment filed May 28, 2015. The plaintiff responded and the time for the defendants to reply has passed.

The defendants' motion argues that the claims alleged against them are barred under the exhaustion provision of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, that requires a prisoner to first exhaust his available administrative remedies before filing a lawsuit in court. Mr. Reed argues in response that his efforts to file a grievance were blocked by prison officials. For the reasons explained below, the motion for summary judgment [Docket No. 20] is **denied** and further proceedings will be directed.

**I. Standard of Review**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.*

56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the PLRA, which requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006). So here, the defendants bear the

burden of demonstrating that Mr. Reed failed to exhaust all available administrative remedies before he filed this suit. *Id.* at 681.

**II. Material Facts**

At all times relevant to his claims in this suit, Mr. Reed was incarcerated at the New Castle Correctional Facility. If an offender has a complaint regarding prison conditions, the grievance process requires an offender to attempt to resolve the grievance informally through officials at the facility by contacting staff to discuss the matter or incident subject to the grievance and seeking informal resolution. If the offender is unable to obtain a resolution of the grievance informally, he may submit a formal written complaint to the Grievance Specialist of the facility where the incident occurred. If the formal written complaint is not resolved in a manner that satisfies the offender, he may submit an appeal.

The Indiana Department of Correction grievance records reflect that Mr. Reed filed eight (8) grievances during his incarceration at New Castle Correctional Facility. Each of these formal grievances were addressed by Ms. Smith. The grievance records reflect that Mr. Reed did not timely filed any grievances pertaining to any incidents which arose on or about September 19 or 21, 2013.

In response, Mr. Reed states that he filed formal grievances after his informal grievances were ignored. He also filed appeals to his formal grievances when he did not receive a response to his formal grievance. These claims are supported by Mr. Reeds exhibits. See Docket No. 18.

**III. Discussion**

The defendants argue that Mr. Reed failed to file a grievance relating to his top bunk placement. Mr. Reed however, has provided exhibits which supports his claim that he did all he could to file a grievance. See Docket No. 18.

Prison staff having the responsibility of providing prisoners with a meaningful opportunity to raise grievances cannot refuse to facilitate that process and then later argue that the prisoner did not comply with procedures or file in a timely manner. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). "Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The facts construed in a fashion most favorable to Mr. Reed as the non-movant raise a material question of fact regarding whether he was thwarted in his attempt to use the grievance system.

Accordingly, the motion for summary judgment [Docket No. 20] is **denied.**

**IV. Further Proceedings**

The defendants shall have **through August 18, 2015,** in which to notify the Court in writing that they have either abandoned their affirmative defense of exhaustion or request a hearing to resolve the factual dispute described above.

**IT IS SO ORDERED.**

Date: 07/22/2015

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JASON A. REED
991213
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

All Electronically Registered Counsel