# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON A. REED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:15-cv-00165-LJM-DML |
| | ) |
| P. LEFLORE, J. COLLINS, | ) |
| T. THIBEAULT, and C. HUGHES, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Motion to File an Amended Complaint and Motion for Joinder
And Directing Service of Process**

Plaintiff Jason A. Reed filed his pro se complaint on February 5, 2015. On March 28, 2016, counsel was recruited by the Court to represent Reed. Now before the Court is the plaintiff's motion to amend the complaint and motion to join new defendants. For the reasons explained below, these motions [dkts. 70 and 71] are **granted in part and denied in part.**

## I. Background

In the original complaint, Reed complains that he has been denied constitutionally adequate conditions of confinement in violation of the Eighth Amendment and state law. He seeks compensatory and punitive damages and declaratory relief.

Reed alleges that after his transfer to the New Castle Annex he informed prison health care professionals that he has a seizure disorder and they issued him a bottom bunk/lower level pass. This pass was sent to defendant P. Leflore. But despite the pass, Leflore moved Reed in September 2013 into a "top bunk" location. Defendants Leflore and Collins directed Reed to accept the bed

move or receive a conduct report. When Reed stated that he had a valid bottom bunk pass and known seizure disorder the defendants stated that they did not care.

On September 19, 2013, Reed had a seizure while climbing down from the top bunk. As a result, he fell and hit his face. Officers T. Thibealt and C. Hughes responded to the fall. They took pictures of Reed's injuries and helped him to the prison medical center. The treating nurse cleaned Reed's injuries and told Thibeault and Hughes that Reed had a bottom bunk pass and seizure disorder.

Thibeault and Hughes then ordered Reed back to his cell and into his top bunk and stated that if he refused he would receive a conduct report for refusing an order. When Reed continued to request a bottom bunk he was told by Leflore and Collins that he would have to find his own bottom bunk. On September 21, 2013, Reed had another seizure and fell from his top bunk.

This Court screened the original complaint and found that two plausible claims were alleged. The first claim is that the defendants violated the plaintiff's Eighth Amendment rights by denying him constitutionally adequate conditions of confinement. The second claim is a state law negligence claim based on the theory that the defendants had a duty to provide Reed a safe living environment (specially a bottom bunk), and that this duty was breached which proximately caused Reed's injuries.

Notably absent from the complaint were any allegations suggesting a claim under the Americans with Disabilities Act or Rehabilitation Act, a contract claim, a policy claim or a claim for injunctive relief. Neither the Indiana Department of Correction ("IDOC") nor The GEO Group, Inc., ("GEO") were named as defendants.

## II. Motion to Amend and Motion to Join Defendants

Reed now seeks to amend his complaint to include new plaintiffs, defendants and claims. The new plaintiffs are a Class of similarly situated persons. The new defendants are GEO, the Commissioner of the IDOC (the "Commissioner"), and the IDOC. Finally, new claims are asserted pursuant to the Americans with Disabilities Act, § 504 of the Rehabilitation Act, the Fourteenth Amendment and a state law breach of contract claim. The amended complaint appears to abandon any state law negligence claim.

### A. *Standard of Review*

Whether the amendments proposed by the plaintiff should be permitted is governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a) provides that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "the district court need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." *Bethany Phamacal Co. v. QVC, Inc.*, 241 F.3d 854, 860-61 (7th Cir. 2001). "An amendment is futile if the added claim would not survive a motion for summary judgment." *Id*. at 861. Furthermore, amendments cannot "unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989). Whether to grant or deny leave to amend is within the district court's discretion. *Campbell v. Ingersoll Milling Machine Co*., 893 F.2d 925, 927 (7th Cir. 1990).

In this case, the *pro se* complaint was well written and there is no indication from the briefing on the motion to amend that the Court misunderstood or disregarded any claims which were alleged. Instead, the proposed Amended Complaint seeks to transform this straightforward case into a class action with new claims against new defendants. Reed notes that the proposed Amended Complaint reflects a re-evaluation of the case with the benefit of counsel. Defendants P.

Leflore, J. Collins, T. Thibeult, and C. Hughes object to the amended complaint arguing that a class action has not been adequately alleged; the proposed amendments are untimely; and the defendants would be unduly prejudiced. The efforts undertaken by recruited counsel to evaluate this action are appreciated but the proposed transformation of this case shall not be permitted for the reasons set forth below.

### *B. Class Action*

First, proceeding as a class will not be permitted. In this case, the proposed representative class consists of "all past, current, and future IDOC/GEO prisoners with disabilities in need of accommodations or modifications because of those disabilities and who have not, are not, or will not receive the necessary accommodations or modifications."

Reed may sue as a representative party on behalf of all members of a class only if "the claims or defenses of the representative parties are typical of the claims or defenses of the class. . . ." Fed. R. Civ. P. 23(a)(3). Given the vagueness of the alleged class, the claims and defenses will necessarily vary, such that a class action is not appropriate. More specifically, "Rule 23 requires that a class be defined, and experience has led courts to require that classes be defined clearly and based on objective criteria." *Mullins v. Direct Digital, LLC,* 795 F.3d 654, 659 (7th Cir. 2015) (citing cases). "[C]lasses that are defined too vaguely fail to satisfy the 'clear definition' component." *Id.* Vagueness is a problem because a court needs to be able to identify who will receive notice, who will share in any recovery, and who will be bound by a judgment. *Id.* at 660. "To avoid vagueness, class definitions generally need to identify a particular group, harmed during a particular time frame, in a particular location, in a particular way." *Id.*

In this case, the proposed representative class is too vague to be useful. It covers all prisoners throughout time with any disability and in need of any accommodation. The class

proposed in the amended complaint is simply too indefinite to proceed. *See Jamie S. v. Milwaukee Public Schools*, 668 F.3d 481, 495 (7th Cir. 2012) ("It's not hard to see how this class lacks the definiteness required for class certification; there is no way to know or readily ascertain who is a member of the class."); *Oshana v. Coca–Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006) (class definition "must be definite enough that the class can be ascertained"); *accord, Adashunas v. Negley*, 626 F.2d 600, 604 (7th Cir. 1980) ("In summary, the proposed class of plaintiffs is so highly diverse and so difficult to identify that it is not adequately defined or nearly ascertainable.").

Accordingly, the motion to amend the complaint to allow the plaintiff to sue as a representative party on behalf of members of a class is **denied.**

### C. *Joinder of New Defendants*

Reed seeks to add three defendants not named in the original *pro se* Complaint pursuant to 15(c)(1)(C). These defendants are GEO, IDOC, and the Commissioner.

There is no dispute that more than two years have elapsed since the events that gave rise to this lawsuit and that the applicable statute of limitations is two-years. Ind. Code § 32-11-2-14. Reed asserts, however, that his claim against GEO, IDOC and the Commissioner are not time-barred because the claims against the proposed newly added defendants relate back to the date of the original complaint.

Federal Rules of Civil Procedure 15(c)(1)(C), states in relevant part:

**c) Relation Back of Amendments.**

**(1)** *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:

> . . .
>
> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

>> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
>
>> **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15.

### 1. IDOC and Commissioner

Reed seeks to add new claims against the IDOC and the Commissioner. The defendants argue that Reed cannot relate back his proposed claim against IDOC or the Commissioner under Rule 15(c)(1)(C) because they are entirely new defendants.

This Court agrees that the plaintiff is attempting to bring new claims against the Commissioner in his official capacity and the IDOC. This he cannot do. Such claims would be untimely and would unduly prejudice the defendants. The defendants named in the original complaint are employees of GEO, not employees of the IDOC. Accordingly there is no plausible basis to conclude that the Commissioner of the IDOC or the IDOC itself was aware of this litigation previously.

Reed argues that the IDOC and the Commissioner are proper defendants because of the contract between GEO and the IDOC such that these defendants should have known of this case and the possibility of being named as defendants. But this suggestion is completely speculative. In addition, the original complaint did not provide any indication (even liberally construed) that Reed intended to assert a claim against the IDOC or the Commissioner and these defendants could not be liable for the deliberate indifference claim alleged in the complaint against the individual GEO

employees. There is no plausible basis to suggest that the IDOC or Commissioner knew or should have known that it would have been named as a defendant but for an error. *See Krupski v. Costa Crociere S. p. A.,* 560 U.S. 538, 541 (2010) ("relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading."). This is not a case where the complaint failed to name the proper defendant. *Id.* at 543 (holding relation back was proper where "Costa Cruise filed its answer, asserting that it was not the proper defendant, as it was merely the North American sales and marketing agent for Costa Crociere, which was the actual carrier and vessel operator."). Reed's pro se complaint made no mistake in failing to name the IDOC or Commissioner as defendants in his Eighth Amendment claim for damages alleging that employees of GEO (whether consistent with GEO policy or not) were deliberately indifferent to his need for a bottom bunk placement given his seizure disorder. Had the IDOC or Commissioner been named, they would have been dismissed at screening for failure to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915A.

Under these circumstances, the IDOC and Commissioner did not receive notice of the action and they would be prejudiced in defending on the merits. See Fed. R. Civ. P. 15(c)(1)(C)(i). The **motion to join new defendants to include claims against the IDOC and Commissioner is denied.**

### 2. GEO

The plaintiff also seeks to add GEO as a defendant. This is appropriate because the individuals named in the complaint were GEO employees such that GEO had notice of this action and will not be unduly prejudiced. A claim against GEO is really a claim against the defendants in their official capacities. As the Seventh Circuit has explained, "[m]istakes in naming parties are

far less likely to have drastic consequences in official rather than individual capacity actions." *Delgado-Brunet v. Clark*, 93 F.3d 339, 344 (7th Cir. 1996); *see e.g., Jackson v. Kotter*, 541 F.3d 688 (7th Cir. 2008) (allowing United States to be added as a party for purposes of FTCA where only individual officers were named as defendants in original complaint).

The defendants argue that although GEO may have had knowledge of the original action filed against its employees, the new claims sought to be added are not similar to those originally raised and as such GEO did not know or could not have known that some action would be brought against it.

The Court disagrees to the extent that the complaint may be amended to include a claim based on the theory that GEO had a policy or practice (or lack thereof) which resulted in the plaintiff's improper placement on a top bunk in violation of the Eighth Amendment. This theory is directly related to the claim alleged in the original complaint: that is, the individual defendants failed to assign Reed to an appropriate bunk given his seizure disorder and that they were negligent under state law. Given the nature of the prison grievance process and this litigation, GEO had sufficient notice and opportunity to investigate this claim of deliberate indifference such that it will not be prejudiced by its addition to this civil action.

All other proposed new claims (i.e., claims under the Americans with Disabilities Act, the Rehabilitation Act, a contract claim or a claim for injunctive relief) are well outside the scope of the original complaint such that GEO (the newly added defendant) could not have had notice that such a claim would be brought against it. In addition, these amendments do not appear necessary to the just resolution of this action. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Reed is currently housed on a lower bunk and the defendants' alleged failure to comply with federal statutes in placing Reed on a top bunk could

suggest deliberate indifference or otherwise support the state law negligence claim. Regardless of the number of theories alleged, Reed is only entitled to recover once for his damages.

Accordingly, Reed's proposed amendment to add GEO as a defendant to the complaint based on the theory that GEO had a policy or practice (or lack thereof) which resulted in the plaintiff's improper placement on a top bunk in violation of the Eighth Amendment relates back under Rule 15. The **motion to amend and motion for joinder is granted to the extent that GEO shall be added as a defendant.**

### III. Conclusion

For the reasons explained above, the motion to amend [dkt. 70] is **granted in part and denied in part** and the motion to join new parties [dkt. 71] is **granted in part and denied in part.** The only amendment which shall be permitted is a new claim against GEO, based on the theory that GEO had a policy or practice (or lack thereof) which resulted in the plaintiff's improper placement on a top bunk in violation of the Eighth Amendment. All other proposed amendments are **denied.**

To effectuate this ruling, the **clerk is directed** to add **The GEO Group, Inc.,** as a defendant on the docket. The original complaint will remain the operative pleading in this action with the amendments understood as a supplement thereto.

### IV. Service of Process

The **clerk is designated**, pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue and serve process on the defendant The GEO Group, Inc., in the manner specified by *Fed. R. Civ. P.* 4(d)(1). Process shall consist of the complaint [dkt. 1], applicable forms and this Entry.

**IT IS SO ORDERED.**

Date:  10/28/2016

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

The GEO Group, Inc.
621 NW 53rd St., # 700
Boca Raton, FL  33487